IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN DEDIOS ZEPEDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-2072-B-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Juan Dedios Zepeda, a Texas prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, Petitioner's habeas application should be dismissed on limitations grounds.

**Background**

Petitioner states that he pleaded guilty to possession of marijuana in a drug free zone in Cause No. 27,996, in the 194th District Court of Hunt County, Texas and that he received a four-year sentence on July 18, 2012. *See* Dkt. No. 3 at 2. Petitioner did not appeal. *See id.* at 3. Petitioner states that he filed a state habeas corpus application on March 6, 2014 and that it was denied on May 7, 2014. *See id.* at 4.

Petitioner states that his federal habeas petition was placed in the prison mail system on June 4, 2014. *See id.* at 10. Petitioner contends that the state court's decision to deny relief violated his constitutional rights. He asserts that he did not

waive his right to raise state habeas corpus claims of actual innocence, fabricated evidence, or use of perjured testimony. *See id.* at 6.

This Court noted the petition appears to be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and directed Petitioner to show cause why the petition should not be dismissed as time-barred. *See* Dkt. No. 6. Petitioner has responded with Petitioner's Opposition to the Show Cause Order. *See* Dkt. No. 7.

## Legal Standards

Section 2254 federal habeas corpus proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2244(d). The statute provides that the limitations period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## Analysis

Petitioner contends that the factual predicate for his claim occurred when the state court determined that he waived his right to raise his claims in state habeas corpus. *See* Dkt. No. 7 at 1. The factual predicate provision of Section 2244(d)(1)(D) does not include asserted errors in a state court's disposition of a state habeas application. *See Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000). Rather, the limitations period is tolled during the time a state habeas application is pending in state court. *See id*. Moreover, a claim of infirmities in a state habeas corpus proceeding cannot be a separate ground for relief in federal court. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).

Based on what appears to be Petitioner's underlying claims of actual innocence, fabricated evidence, and use of perjured testimony, Section 2244(d)(1)(A) applies. Petitioner was convicted and sentenced on July 18, 2012, and he did not appeal. The judgment became final when the time to appeal expired, which was thirty days after sentence was imposed. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Petitioner was convicted and sentenced on July 18, 2012, and the last day on which he could have appealed was August 17, 2012, making his federal petition due on August 17, 2013.

Petitioner filed a state habeas corpus application on March 6, 2014. The AEDPA limitations period already expired by then, and the state writ application did not toll the limitations period.

Petitioner states he placed his federal habeas petition in the prison mail system

on June 4, 2014. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (prison mailbox rule applies to federal habeas petitions). But the Section 2244(d) limitations period had already expired on August 17, 2013. The federal habeas petition is untimely.

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). Equitable tolling principally applies where the respondent actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights. See *Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2006). The petitioner has the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner asserts that he is a layman and had no previous knowledge of the statute of limitations. *See* Dkt. No. 7 at 2. He argues that he should not be held to the standard of an attorney, and he states he has not had adequate access to a law library. *See id*. Petitioner further argues that he is challenging the drug-free-zone aspect of his conviction and that he has a liberty interest in setting aside the judgment.

Petitioner's *pro se* status, lack of legal training, or ignorance of the law do not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). His conclusory claim that he did not have adequate access to a law library does not show he is entitled to equitable tolling. And whether claims have merit is not a factor

in determining equitable tolling. Petitioner has not shown he is entitled to equitable tolling.

The United States Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *See id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

Petitioner's federal petition refers to actual innocence. Petitioner's conclusory reference to "actual innocence" is not sufficient to overcome the Section 2244(d) statute of limitations.

**Recommendation**

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 5, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE